UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     Case No. 11-20070

JOHN CLARK,                            HONORABLE AVERN COHN

    Defendant.

_____/

## MEMORANDUM REGARDING
## APPLICABLE OFFENSE LEVEL IN SENTENCING

I.

A.

This is a criminal case. On April 15, 2011, defendant pled guilty to making a false statement to agents of the Federal Bureau of Investigation in June, 2008, in violation of 18 U.S.C. §1001. The Rule 11 Plea Agreement accompanying the guilty plea states in part:

> Disputed Sentencing Issue
>
> Although not necessary to establish the factual basis for a guilty plea to a violation of 18 U.S.C. §1001, the government further contends, and the defendant denies, that the defendant made an additional false statement during his interview with FBI agents by denying that he received any money from Rosendall in exchange for putting the Synagro contract on the Detroit City Council agenda. The parties acknowledge that the government has the burden of proof in establishing this as a sentencing factor, and that this issue will be decided following an evidentiary hearing.

The defendant specifically denies that he accepted any money from Rosendall in exchange for putting the Synagro contract on the Detroit City Council agenda, and he denies that he was bribed by Rosendall.

SENTENCING GUIDELINES

A.   Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

B.   Agreed Guideline Range

The parties do not agree as to the applicable guideline range.

The government recommends that the Court determine that the defendant's guideline range is **10 to 16 months**, as set forth on the attached worksheets. Defendant recommends that the Court determine that his guideline range is **0 to 6 months**, as set forth on the attached worksheet addendum. The Court is not bound by either party's recommendation concerning the guideline range, and defendant understands that he will have no right to withdraw his guilty plea if the Court does not follow his recommendation.

The referenced worksheets are attached as Exhibit A and Exhibit B.

Following the dictates of U.S. SENTENCING GUIDELINES MANUAL §6A1.3, Resolution of Disputed Factors (Policy Statement), the Court held an evidentiary hearing over four (4) days to resolve which of the recommended Base Offense Level(s) is applicable at sentencing in computing the recommended guideline range.

B.

For the reasons which follow, the applicable Base Offense Level is 14.

The defendant did "[make] an additional false statement during his interview with FBI agents by [initially] denying that he received any money from Rosendall in exchange for

putting the Synagro contract on the Detroit City Council's agenda." While the "in exchange" and "putting...on the...agenda" slightly overstates what occurred, defendant, while Chief of Staff to the City Council President, acknowledged receiving money from Rosendall for assisting in placing the Synagro contract on the City Council agenda.

II.

A.

As stated in Exhibit A, defendant asserts that U.S. SENTENCING GUIDELINES MANUAL §2B1.1(a)(2) "Offenses Involving Fraud or Deceit" applies. U.S. SENTENCING GUIDELINE MANUAL §2B1.1(a)(2) reads in part:

> §2B1.1.      . . . <u>Fraud and Deceit</u> . . .
>
>   (a)   Base Offense Level:
>
> * * *
>
>   (2)   6, otherwise.

The commentary states that a conviction under 18 U.S.C. §1001 calls for application of this guideline. §2B1.1 (Statutory Provisions). Count 4 of the Indictment, to which defendant pled guilty, charged a violation of 18 U.S.C. §1001.

B.

As stated in Exhibit B, the government asserts that U.S. SENTENCING GUIDELINE MANUAL §2B1.1(c)(3), "Cross-Reference[s] to Section 2C1.1 based on 18 U.S.C. §666" and U.S. SENTENCING GUIDELINE MANUAL §2C1.1, "Base Offense Level - Public Official" applies.

U.S. SENTENCING GUIDELINE MANUAL §2B1.1(c)(3) reads in part:

>   (3)   If. . .(B) the defendant was convicted under a statute

>
> proscribing false, fictitious, or fraudulent statements or representations generally (e.g., 18 U.S.C. §1001. . .) and (C) the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline in Chapter Two (Offense Conduct), apply that other guideline.

The Commentary Application Notes read in part:

> 15. <u>Cross Reference in Subsection (c)(3)</u>. Subsection (c)(3) provides a cross reference to another guideline in Chapter Two (Offense Conduct) in cases in which the defendant is convicted of a general fraud statute, and the count of conviction establishes an offense involving fraudulent conduct that is more aptly covered by another guideline. Sometimes, offenses involving fraudulent statements are prosecuted under 18 USC §1001, or a similarly general statute, although the offense involves fraudulent conduct that is also covered by a more specific statute. . .[f]raud involving the Deprivation of the Intangible Right to Honest Services of Public Officials; Conspiracy to Defraud by Interference with Governmental Functions). §2B1.1(c)(3) cmt. n.15.

U.S. S<small>ENTENCING</small> G<small>UIDELINE</small> M<small>ANUAL</small> §2C1.1 reads in part:

> §2C1.1. <u>Offering, Giving, Soliciting, or Receiving a Bribe . . .Services of Public Officials</u>
>
> (a) Base Offense Level:
>
> (1) 14, if the defendant was a public official. . . .

III.

The evidence adduced at the hearing established the following:

• In the fall of 2007, defendant was Chief of Staff to the Detroit City Council President.

• The City Council had under consideration approval of a contract with Synagro Technologies, Inc. (commonly called Synagro) for sewage solid waste disposal.

4

- James Rosendall, a vice president of Synagro, was actively urging City Council to approve the contract.

- Rosendall consulted with defendant about the approval process.

- In the course of their relationship, Rosendall and defendant discussed the possibility of defendant becoming a consultant to Synagro.

- On October 24, 2007, Synagro forwarded to defendant a draft of a consultant contract.

- Defendant significantly assisted Rosendall in obtaining approval of the Synagro contract by the City Council. Such assistance included encouraging the City Council President to vote to approve the contract.

- In November, 2007, the contract was approved.

- In January of 2008, defendant became a contract employee of the City of Detroit, and continued working for the City Council President.

- In February of 2008, defendant and Rosendall again discussed the possibility of defendant becoming a consultant to Synagro.

- In February of 2008, Rosendall gave defendant $2,000.00 in cash on one occasion, and $1,000.00 in cash on a second occasion, as a "reward" for the assistance defendant gave Synagro in obtaining City Council's approval of the Synagro contract.

- In his conversations with Rosendall, defendant suggested $12,500.00 was more appropriate as his compensation for the assistance he gave Synagro.

- Defendant did not tell the City Council President of his involvement with Rosendall.

- In June, 2008, following an interview with agents of the FBI, defendant signed a

5

voluntary statement in which he stated in part:

> I took some official actions in the course of my employment such as assisting with putting Synagro's contract on the agenda for City Council. I was the Chief of Staff/Legislative Assistant. I accepted money from Jim Rosendall for these actions, I understand that these were bribes and I am very sorry.

- In answer to a question in cross-examination by the government's lawyer, defendant testified as follows:

> THE COURT: The statement said I accepted money from Jim Rosendall for these actions.
>
> [DEFENDANT]: Yes.
>
> THE COURT: Now, that's the sentence you are focusing on?
>
> [GOVERNMENT'S LAWYER]: Yes.
>
> THE COURT: And what's your question?
>
> [GOVERNMENT'S LAWYER]:
>
> Q. Is that statement accurate?
>
> A. Yes. I'm reading it as accurate.

## IV.

### A.

Attached to the Rule 11 Plea Agreement is a letter from the government's lawyer to defendant's counsel. The penultimate paragraph of the letter better explains the purpose of the evidentiary hearing and the Court's task. The paragraph reads:

> The parties are in agreement that at the sentencing hearing in this case, the Court will decide whether the government has met its burden in establishing its claim that Mr. Clark falsely denied accepting a reward from Mr. Rosendall for

his official acts relating to the Synagro contract. If the Court finds at sentencing that the government has not met its burden and that Mr. Clark did not accept the $2,000.00 on February 20, 2008 from Mr. Rosendall as a reward for his official acts, then the agreed guideline range would be 0 to 6 months. Under the terms of the Plea Agreement, the Court could not sentence Mr. Clark to a sentence higher than 6 months. If, however, the Court finds that Mr. Clark accepted the money as a reward in exchange for putting the Synagro contract on the agenda, then the agreed guideline range would be 10 to 16 months. The Court could not sentence Mr. Clark to a sentence higher than 16 months, but the Court would be free to impose a sentence lower than 10 months.

B.

The proofs at the evidentiary hearing, including defendant's signed statement, clearly establish that defendant "falsely denied accepting a reward from Mr. Rosendall," and that "Mr. Clark accepted the money as a reward for putting the Synagro contract on the agenda," or as defendant put it, "assisting."

As stated above, the appropriate Offense Level for computing the recommended guideline range is 14, calling for a sentencing range of 10 to 16 months.

Dated: August 25, 2011          s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 25, 2011, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5160